IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-00395-FL-1
NO. 5:12-CV-00642-FL

| | |
|---|---|
| DURWOOD JOSEPH FIELDS, | ) |
| Petitioner, | ) |
| v. | ) **MEMORANDUM &** |
| | ) **RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

This cause comes before the Court upon the government's motion to dismiss (DE-112) petitioner Durwood Joseph Field's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("motion to vacate") (DE-109). Fields has responded (DE-116), and the government's motion to dismiss is therefore ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1), this matter was referred to the undersigned for entry of a memorandum and recommendation. For the reasons stated herein, the undersigned recommends that the Court GRANT the government's motion to dismiss (DE-112) and DENY Fields's motion to vacate (DE-109).

I. **BACKGROUND**

On December 30, 2008, Fields was indicted on one count of possession of one or more firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924. (DE-1).

1

The Office of the Federal Public Defender initially represented Fields, but moved to withdraw after it discovered a conflict of interest. (DE-18). Attorney James Stockton Perry entered a notice of appearance on behalf of Fields on March 27, 2009. (DE-20). Fields subsequently entered a plea of not guilty, and his case proceeded to trial.

At trial, the government presented evidence tending to show that on July 1, 2008, law enforcement officers obtained a search warrant for a residence located at 706 Third Street in Goldsboro, North Carolina. Day One Trial Tr. 17:2-3, Sept. 29, 2009, DE-97 ("Trial Tr. I"); Day Two Trial Tr. 13:13, Sept. 30, 2009, DE-98 ("Trial Tr. II"). The officers obtained the warrant after a confidential informant made a controlled purchase of heroin from Fields at the residence. Trial Tr. I, 11:10-25; 12:1-15. When the officers searched the residence, they seized thirty-four firearms located throughout the home, along with 8,000 rounds of ammunition. Trial Tr. I, 21:1-22; 22:6-7; Trial Tr. II, 162:23-25. Fields, his eighty-four-year-old mother, Nancy Fields, who owned the residence, and his nephew Michael Fields, were at the home during the search. Trial Tr. I, 20:19-22; 21:1-5. Most of the firearms seized were legally purchased by Fields' wife, Theresa Fields. Trial Tr. II, 150:18-25; 177:12-13. Theresa Fields resided in Texas, however. Interview of Durwood Joseph Fields, Ex. C, 20-21, 29-31, DE-55; Gov. Ex. 62, DE-78. Nancy Fields testified to the grand jury investigating the case that Fields used the front center bedroom of the house when he stayed with her. Trial Tr. II, 50:2-3. Two of the firearms seized were found in the front center bedroom. Specifically, the officers found a loaded Glock pistol under a pillow on the bed and a loaded shotgun propped against the foot of the bed. Trial

2

Tr. I, 21:14-19; 56:1-9; Trial Tr. II, 18:18-21; 21:15-16; 22:16; 28:13-16. The officers also found in the front center bedroom a black notebook containing Field's birth certificate, recent mail addressed to Fields at the 706 Third Street residence, and heroin containers. Trial Tr. II, 20:1-13; 23:4-7; 24:8-10; 30-31. When the officers arrested and searched Fields, he had $591.00 in his left front pocket, forty dollars of which were the same bills used during the controlled heroin purchase. Trial Tr. II, 32:9-20; Trial Tr. I, 14:11-25. Fields told the officers that the firearms were for his mother's protection. Trial Tr. I, 44:18-19. Nancy Fields testified, however, that she did not like guns and did not use them. Trial Tr. II, 56-57. At the close of the government's evidence, defense counsel informed the district court that Fields had decided not to present any evidence. When asked directly, Fields confirmed that he did not wish to put on evidence. Trial Tr. II, 193:5-10.

The jury found Fields guilty of possession of one or more firearms by a convicted felon, and the district court sentenced Fields to 120 months of imprisonment, followed by three years of supervised release. (DE-89). Fields appealed to the United States Court of Appeals for the Fourth Circuit, which issued a decision on May 20, 2011 affirming the judgment of the district court. The Supreme Court subsequently denied Fields' petition for writ of certiorari. United States v. Fields, 429 F. App'x 343 (4th Cir.), *cert. denied*, 181 L. Ed. 2d 227 (2011).

On September 28, 2012, Fields timely filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (DE-109). In his petition, Fields asserts he received

3

ineffective assistance of counsel based on: (1) "counsel's failure to file timely motions"; and (2) failure to present evidence at trial. Mot. Vacate, 5, DE-109. The government asserts Fields fails to state a viable claim for relief and asks the Court to dismiss his motion to vacate.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

The government seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, a plaintiff must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The facts alleged must "raise a right to relief above the speculative level," id. at 555, and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more

4

than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 1950. Without such "heft," claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with" a defendant's liability, Twombly, 550 U.S. at 557, fail to nudge claims "across the line from conceivable to plausible." Id. at 570.

**B.   28 U.S.C. § 2255**

Under section 2255, Title 28 of the United States Code, a petitioner may obtain relief from his sentence if he can show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). The burden is on the petitioner to establish his claim to relief by a preponderance of the evidence. *See, e.g.*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); Toribio-Ascencio v. United States, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549, at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

**C.   Ineffective Assistance of Counsel**

Fields asserts his counsel was constitutionally deficient. To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the

5

representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Concerning the second prong, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." *Id.*

With the foregoing legal precepts in mind, the undersigned considers Fields's claims.

## III. ANALYSIS

### A. Ground One: Failure to File Pre-Trial Motions

Fields argues his counsel, James Perry, was ineffective for failing to file timely pre-trial motions. Fields does not specify any particular motion Perry failed to file, but generally complains that he asked Perry to file motions challenging the confidential informant, the search warrant, and the integrity of the police officers who worked on the case. According to Fields, Perry advised him that such motions would not assist his case. Fields acknowledges that Perry pursued a motion to suppress the statements he made during his police interrogation.

The undersigned agrees with the government that Fields fails to state a claim for

6

ineffective assistance upon which relief may be based. First, Fields does not identify any specific pre-trial motion his counsel should have filed. Generic claims of ineffectiveness are generally insufficient to withstand a motion to dismiss. "Only in very constrained circumstances, amounting to 'the complete denial of counsel,' will a claim of ineffective assistance prevail without requiring the petitioner to 'show how specific errors of counsel undermined the reliability of the finding of guilt.'" Brooks v. McCoy, No. 5:11-HC-2222-F, 2012 U.S. Dist. LEXIS 119763, at *21-22 (E.D.N.C. Aug. 22, 2012) (quoting United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)). Inasmuch as Fields fails to identify specific pre-trial motions his counsel should have filed, his allegations of ineffective assistance of counsel are insufficient to state a claim upon which belief may be based. *See id.* (rejecting claims of deficient performance by counsel where the petitioner failed to identify any specific pre-trial hearing his counsel failed to attend or pre-trial motion counsel should have filed).

Further, to the extent Fields asserts Perry was ineffective in failing to file general motions challenging the credibility of the confidential informant, the validity of the search warrant, or the integrity of the law enforcement officers who performed the search, these allegations are likewise insufficient to state a viable claim for relief. Whether to file pre-trial motions is a strategic decision by counsel entitled to the utmost deference by a reviewing court. *See* Strickland, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ."); Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998) ("Decisions

7

that may be made without the defendant's consent primarily involve trial strategy and tactics, such as what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed.").

Fields does not assert that his counsel failed to investigate the case. Instead, Fields complains that Perry rejected his suggested pre-trial motions and advised Fields that such motions would not benefit his case. For example, Fields states that Perry told him "it was useless to try to have the [confidential informant] put on the stand because [Fields] wasn't fighting a drug case." Mot. Vacate, 5, DE-109. The allegations set forth by Fields tend to show that defense counsel considered the case and the evidence and deliberately chose to file only those motions he considered most beneficial to his client's position. This is precisely the type of "strategic choice" within the province of defense counsel that the Supreme Court has deemed to be "virtually unchallengeable." Strickland, 466 U.S. at 690. Therefore, Fields has not alleged facts to establish that his counsel's performance fell below an objective standard of reasonableness with respect to this claim.

In addition, Fields fails to demonstrate prejudice arising from Perry's failure to file the requested pre-trial motions. Fields acknowledges that Perry filed other pre-trial motions on his behalf, including a substantive motion to suppress (DE-31, DE-37) for which an evidentiary hearing was held. While Fields apparently believes that the credibility of the confidential informant was critical to his case, this belief is unsupported by the record. Rather, the evidence shows that law enforcement officers obtained a warrant to search the residence at 706 Third Street after Fields participated in a controlled sale of heroin to a

confidential informant. Law enforcement officers monitored the controlled purchase, then used this information to obtain the search warrant. During the search of the residence, officers discovered numerous firearms, including a loaded Glock firearm and loaded shotgun in the bedroom where Fields typically slept. Fields was ultimately convicted on a firearms charge. He was not indicted on drug charges. The role of the confidential informant in relation to the firearms charges was thus relatively minor. Accordingly, a motion challenging the confidential informant's credibility, even if successful, would have yielded little because, as Perry correctly advised Fields, he was "not fighting a drug case." With regard to the requested motions challenging the search warrant or integrity of the officers conducting the search, Fields alleges nothing to suggest that the warrant was unlawfully issued or to otherwise call into question the legitimacy of the search. As such, Fields fails to allege specific facts to show that the results of the trial would have been different had his defense counsel pursued the pre-trial motions he requested.

Because Fields does not allege specific facts demonstrating the possibility of either deficient performance by defense counsel or prejudice arising therefrom, he is not entitled to an evidentiary hearing on his claim of ineffective assistance of counsel. *See* Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("In order to obtain and evidentiary hearing on an ineffective assistance claim--or for that matter on any claim--a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."),

*abrogated on other grounds by* Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999); *see also* Bunch v. Thompson, 949 F.2d 1354, 1364 (4th Cir. 1991) ("the best course for a federal habeas court is to credit [defense counsel with] plausible strategic judgments"). The undersigned therefore recommends that the Court deny Field's motion to vacate and grant the government's motion to dismiss with regard to Ground One.

### B. Ground Two: Failure to Present Evidence

Fields further contends Perry was ineffective for failing to present evidence at trial. Fields does not identify, however, any evidence or witnesses he believes would have benefitted his case. Instead, Fields explains that Perry "had [him] sign a statement . . . saying [he] did not wish to call any witnesses or present any evidence." Mot. Vacate, 6, DE-109. Fields now complains that Perry's actions were "misleading and unprofessional."

However, as explained *supra*, "the decision whether to call a defense witness is a strategic decision demanding the assessment and balancing of perceived benefits against perceived risks, and one to which we must afford enormous deference." United States v. Terry, 366 F.3d 312, 317 (4th Cir. 2004) (quotation marks, brackets, and ellipses omitted). Indeed, the Fourth Circuit—along with many other courts—has recognized that tactical decisions such as which witnesses to call are "virtually unchallengeable." Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009) (quotation marks omitted); *see also* United States v. Orr, 636 F.3d 944, 955 (8th Cir. 2011) ("[W]e consistently have affirmed that a defense counsel's decision not to call a witness is a virtually unchallengeable decision of trial

10

strategy." (quotation marks omitted)); Hall v. Thomas, 611 F.3d 1259, 1293 (11th Cir. 2010) ("[T]he decision concerning which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess." (quotation marks omitted)); Boyle v. McKune, 544 F.3d 1132, 1139 (10th Cir. 2008) ("[T]he decision of which witnesses to call is quintessentially a matter of strategy for the trial attorney.").

Fields has not overcome that "enormous" deference here, as he has not identified any particular witness or other evidence that defense counsel should have presented at trial. Fields has neither "identified the witnesses, nor alleged that they would have been available at his trial had counsel attempted to locate them." United States v. Green, 21 F.Supp.2d 521, 525 (D.Md. 1998). Lacking any particular indication of what evidence should have been introduced, Fields cannot establish that his counsel acted unreasonably in failing to present such evidence. Accordingly, Fields has not alleged any facts to show that his counsel's performance fell below an objective standard of reasonableness. In fact, even a cursory review of the record shows that Perry mounted a vigorous defense: he made numerous written and oral motions; thoroughly cross-examined all of the government's witnesses, including Field's own mother; and made compelling and thoughtful opening and closing statements. In short, Fields fails to state a claim of ineffective assistance of counsel. The undersigned therefore recommends the Court deny the motion to vacate and grant the government's motion to dismiss Ground Two.

## IV.  CONCLUSION

11

Because Fields articulates no facts demonstrating that his counsel's performance was constitutionally deficient, the undersigned finds that Fields has not sustained his claims for relief. Thus, for the foregoing reasons, it is hereby RECOMMENDED that the government's motion to dismiss (DE-112) be GRANTED and Fields' motion to vacate (DE-109) be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Wednesday, December 05, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE