IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-395-FL-1
NO. 5:12-CV-00642-FL

| | |
|---|---|
| DURWOOD JOSEPH FIELDS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion to vacate his sentence, made pursuant to 28 U.S.C. § 2255 (DE 109), and the government's motion to dismiss the same (DE 112). Pursuant to 28 U.S.C. § 636(b)(1) United States Magistrate Judge William A. Webb entered memorandum and recommendation ("M&R") wherein he recommends that the court grant the government's motion to dismiss, and deny petitioner's motion. Petitioner timely filed objections to the M&R. Issues raised are ripe for ruling. For the reasons that follow, the court ADOPTS the recommendation in the M&R, DENIES petitioner's motion to vacate and GRANTS the government's motion to dismiss the same.

## BACKGROUND

The court references the detailed background in the M&R, and briefly summarizes further as follows. Petitioner was indicted on December 30, 2008, with one count of being a felon in possession of one or more firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Petitioner was arraigned on June 2, 2009, and pleaded not guilty. Defendant then filed a motion to suppress (DE 31) which the court denied by order entered September 21, 2009. Petitioner's case proceeded to trial

on September 29, 2009. He was convicted by a jury on the sole count in the indictment. On February 11, 2010, the court sentenced petitioner to one hundred and twenty (120) months imprisonment, followed by three years' supervised release. Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed by decision issued May 20, 2011. The Supreme Court denied petitioner's motion for writ of *certiorari*. Fields v. United States, 132 S. Ct. 360, 181 L. Ed. 2d 227 (2011).

Petitioner then timely filed the instant motion to vacate. Therein he asserts he received ineffective assistance of trial counsel based upon (1) counsel's failure to file certain motions, and (2) failure to present evidence at trial. The government responded by filing the instant motion to dismiss, maintaining that petitioner has failed to state a valid claim.

**COURT'S DISCUSSION**

A.  Standard of Review

Rule 12 of the Rules Governing Section 2255 Proceedings ("Habeas Rules") states that, "[t]he Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and

2

construes these facts in the light most favorable" to the non-moving party but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.   Analysis

Petitioner lodges three objections to the recommendation that his motion to vacate be dismissed, asserting that his counsel was ineffective in three ways. First, he asserts counsel should have made a motion with respect to his right to confront the government's confidential informant, or called the informant as a witness. Second, petitioner contends that trial counsel failed to move

3

to suppress evidence seized as on the grounds that it was outside the scope of the search warrant. Finally, he asserts he received ineffective assistance of counsel based upon counsel's failure to present evidence at trial.

A successful claim for ineffective assistance of counsel requires petitioner to show that "(1) his counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) 'there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Bell v. Evatt, 72 F.3d 421, 427 (4th Cir. 1995) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). Furthermore, there is a "strong presumption" when reviewing an attorney's performance that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Moreover, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Id. at 690.

1. Motion Related to the Confidential Informant

Petitioner first asserts that counsel was deficient in failing to file a motion regarding "the right to face his accuser" with respect to the government's confidential informant. He asserts that such a motion would have given him the opportunity to cross-examine the confidential informant which may have changed the outcome of this case. However, Petitioner's counsel did not perform ineffectively when he declined to file a motion based on petitioner's confrontation rights, nor in failing to call this witness.

The Federal Rules of Evidence define hearsay as a statement which was not made at the current trial or hearing and offered in evidence to prove the truth of the matter asserted therein. Fed. R. Evid. 801(c). "[T]he admission of non-hearsay does not implicate a defendant's confrontation."

4

United States v. Washington, 461 F. App'x 215, 220 (4th Cir. 2012) cert. denied, 132 S. Ct. 2406, 182 L. Ed. 2d 1043 (2012) (citing Crawford v. Washington, 541 U.S. 36, 59 n.9 (2004)). In this case, any testimony at trial regarding statements made by the confidential informant were not offered for the truth of the matter asserted, but to show why the police took certain actions. Thus counsel was not ineffective in failing to file a motion regarding petitioner's confrontation rights.

Further, as set forth in the M&R, the credibility of the confidential informant was not central to this case. The confidential informant gave law enforcement information related to drug activity, not firearms. Petitioner was indicted on a firearms charge, not drug charges. Thus any successful attack on the confidential informant's reliability would have had little impact on the outcome of the case. Where petitioner fails to show any prejudice stemming from counsel's decision, he fails to state a claim for ineffective assistance of counsel. See Strickland, 466 U.S. at 693 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.")

  2. Motion to Suppress

Petitioner, while admitting counsel filed a motion to suppress, argues next that counsel was ineffective as he did not challenge the seizure of firearms, ammunition, and other items. Petitioner asserts the warrant provided only for the search and seizure of drug-related items and documents relating to ownership of dominion of the premises searched. As noted in the M&R, counsel's decision not to file this motion was a strategic decision subject to enormous deference. See Sexton v. French, 163 F.3d 874, 885 (4th Cir.1998) (noting that strategic decisions made by counsel include determining what pre-trial motions to file); Cavillo-Rojas v. United States, No. 7:08-CR-139-FL, 2013 WL 4461551 at *4 (E.D.N.C. Aug. 20, 2013) ("[A]n attorney's decision to file particular

pretrial motions is precisely the type of strategic decision a court should not second guess.")

Moreover, this circuit has made clear that "[g]uns are tools of the drug trade and are commonly recognized articles of narcotics paraphernalia." United States v. Ward, 171 F.3d 188, 195 (4th Cir. 1999). Additionally, information found in a bedroom such as petitioner's birth certificate, or mail addressed to petitioner at that residence relate to his dominion of that residence or areas thereof. Therefore counsel's performance in not filing a motion to suppress this evidence as outside the scope of the warrant did not fall below an "objective standard of reasonableness." Strickland, 466 U.S. at 688.

3. Failure to Present Evidence

Petitioner finally asserts counsel was ineffective where he failed to put on evidence and call witnesses. For the reasons set forth in the thoughtful and thorough M&R, the court overrules this objection. As noted therein, "the decision whether to call a defense witness is a strategic decision demanding the assessment and balancing of perceived benefits against perceived risk, and one to which we must afford enormous deference." United States v. Terry, 366 F.3d 312, 317 (4th Cir. 2004) (quotations omitted). These decisions are "virtually unchallengeable." Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009) (quotations omitted). Petitioner has not shown any particular witness or piece of evidence that should have been presented. Thus he cannot establish that his counsel acted unreasonably in not presenting such evidence, or that he was prejudiced by any such failure.

C. Certificate of Appealability

A section 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R.App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a

6

Case 5:08-cr-00395-FL   Document 122   Filed 10/21/13   Page 6 of 8

pretrial motions is precisely the type of strategic decision a court should not second guess.")

Moreover, this circuit has made clear that "[g]uns are tools of the drug trade and are commonly recognized articles of narcotics paraphernalia." United States v. Ward, 171 F.3d 188, 195 (4th Cir. 1999). Additionally, information found in a bedroom such as petitioner's birth certificate, or mail addressed to petitioner at that residence relate to his dominion of that residence or areas thereof. Therefore counsel's performance in not filing a motion to suppress this evidence as outside the scope of the warrant did not fall below an "objective standard of reasonableness." Strickland, 466 U.S. at 688.

3. Failure to Present Evidence

Petitioner finally asserts counsel was ineffective where he failed to put on evidence and call witnesses. For the reasons set forth in the thoughtful and thorough M&R, the court overrules this objection. As noted therein, "the decision whether to call a defense witness is a strategic decision demanding the assessment and balancing of perceived benefits against perceived risk, and one to which we must afford enormous deference." United States v. Terry, 366 F.3d 312, 317 (4th Cir. 2004) (quotations omitted). These decisions are "virtually unchallengeable." Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009) (quotations omitted). Petitioner has not shown any particular witness or piece of evidence that should have been presented. Thus he cannot establish that his counsel acted unreasonably in not presenting such evidence, or that he was prejudiced by any such failure.

C. Certificate of Appealability

A section 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R.App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2).

Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001) (quoting Slack, 529 U.S. at 484).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and that none of the issues presented by petitioner are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the recommendation in the M&R (DE 119). The court GRANTS the government's motion to dismiss (DE 112) and DISMISSES petitioner's motion to vacate (DE 109). Petitioner is DENIED a certificate of appealability.

SO ORDERED, this the 21st day of October, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

8