IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-395-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DURWOOD JOSEPH FIELDS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for early termination of supervised release (DE 137). The government did not respond to the motion. For the following reasons, the court denies the motion.

## BACKGROUND

On October 1, 2009, a jury convicted defendant of possession of one or more firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On February 11, 2010, the court held defendant's sentencing hearing. After consideration of the advisory sentencing guidelines, the findings of a presentence investigation report, defendant's arguments at hearing, and factors set forth in 18 U.S.C. § 3553(a), the court imposed a sentence of 120 months' imprisonment, 3 years' supervised release, and a $100 special assessment. On March 17, 2017, defendant was released from imprisonment and began serving his term of supervised release. Defendant filed the instant motion seeking early termination of supervised release on June 6, 2019. Defendant requests early termination of supervised release because he has complied with all conditions of supervision since his release from custody.

**COURT'S DISCUSSION**

The court may terminate a term of supervised release at any time after expiration of one year of supervised release, "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice" and after consideration of the relevant factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(1). "The phrase 'the interest of justice' does give the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period." United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999).

Here, defendant was convicted of possession of one or more firearms by a convicted felon, after authorities searched his residence and uncovered 34 firearms and approximately 8,000 rounds of ammunition. Defendant's criminal history includes convictions for assault with a deadly weapon, assault inflicting serious injury, assault with a deadly weapon upon medical rescue, breaking and entering, driving while impaired, and assault with a deadly weapon inflicting serious injury. Defendant's state probation also has been revoked twice, and he has an extensive substance abuse history. In light of defendant's history of violent conduct, past failures on supervision, and historical issues with substance abuse, the court finds early termination of supervised release would not promote the goals of sentencing set forth in § 3553(a). See id. (holding district court properly considered circumstances of the governing offense, criminal history, and past substance abuse problems when denying motion for early termination of supervised release). Defendant's post-sentencing compliance with the terms of supervised release, while laudable, does not justify early termination of supervised release in these circumstances.

The court, however, commends defendant for his record of achievement while on supervised release, as reflected in the instant motion. Defendant has complied with all conditions of supervised release, completed outpatient substance abuse treatment, and completed a reentry program. Defendant's reported performance on supervised release is consistent with the court's expectations at time of sentencing.

## CONCLUSION

Based on the foregoing, the court DENIES defendant's motion for early termination of supervised release (DE 137).

SO ORDERED, this the 15th day of August, 2019.

LOUISE W. FLANAGAN
United States District Judge